## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| EDGARDO SANTIAGO-COLON | * | |
| Plaintiff | * | CIVIL NO. 21- 1043 (   ) |
| | * | |
| v. | * | ABOUT: |
| | * | *28 U.S.C. § 1331,* |
| PUERTO RICO ELECTRIC POWER | * | *28 U.S.C. § 1343, Title 42 § 1985.* |
| AUTHORITY (PREPA), JANE DOE | * | *1802 and 1803 of PR Civil Code* |
| JOHN DOE, RICHARD ROE and their | * | *28 U.S.C. § 1367,* Commerce Clause |
| respective insurance companies | * | & Anti-Trust Law Violation |
| Defendants | * | JURY TRIAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** plaintiffs, through the undersigned attorney and respectfully alleges and request as follows:

**I.    JURISDICTION:**

1.    Jurisdiction in this matter is invoked per *28 U.S.C. § 1331*, "*the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.*"... , *28 U.S.C. § 1343* and *Title 42 § 1985.* It is invoked the National Energy Policy and Programs, Sub-chapter II- Renewable Energy legislation per *42 U.S.C. § 15852(a) et seq., EP Act 2005 § 203* (Public Law 109–58—Aug. 8, 2005), Federal Regulations 78 FR 37995 and E.O. 13834 § 2(b).

2.    There are violations to the free interstate commerce protected by the *Commerce Clause, Article 1, Section 8, Clause 3* of the US Constitution and violations to the anti-trust laws (the *Sherman Act of 1890*, the *Clayton Act of 1914* and the *Federal Trade Commission Act of 1914*).

3.    The violations to the Commonwealth of Puerto Rico Contract Laws under *Puerto*

**COMPLAINT**
**CIVIL NO. 21-1043 (    )**
**Page 2**

*Rico Civil Code*, Subtitle 4 *Obligations And Contracts 31 PRLA § 2991*, et al and to the

Commonwealth of Puerto Rico Property Laws under *Puerto Rico Civil Code*, Subtitle 2 *Property*

*Ownership And Its Modifications 31 PRLA § 1021*, et al. under the supplemental jurisdiction

principles in the interest of judicial efficiency and economy.

4.      This is an action in torts, for damages, under *Puerto Rico Civil Code Article 1802,*

*1803 31 L.P.R.A. Sec. 5141*, *et. seq.* Plaintiff invokes articles *1802* and *1803* of *Puerto Rico Civil*

*Code* under the supplemental jurisdiction principles in the interest of judicial efficiency and

economy, *28 United States Code § 1367.*

5.      This is the proper venue for this action since the cause of action arose in this

jurisdiction.

6.      The plaintiffs request a jury trial for all triable issues. Trial by jury is hereby

requested.

## II.      PARTIES:

7.      Plaintiff, Edgardo Santiago-Colon, is a US Army retired Sergeant First Class and

a US Government retired civil servant (GS-9). Plaintiff postal address is PO Box 831, Santa

Isabel PR 00757.

8.      Defendant Puerto Rico Electric Power Authority (PREPA) is an electric power

company owned by the Commonwealth of Puerto Rico responsible for electricity generation,

power distribution, and power transmission on the island. PREPA is the only entity authorized to

conduct such business in Puerto Rico.  It's address is 1108 Ponce de Leon Ave., San Juan, PR

00907, postal address is PO Box 364267 San Juan, PR 00936-4267.

9.      Co-defendant Jane Doe is any unknown independent contractor or sub-contractor

COMPLAINT
CIVIL NO. 21-1043 (   )
Page 3

of defendant Puerto Rico Electric Power Authority (PREPA) which is unknown at the present

and who are in any way responsible to cause damages or the facts that give reason for this claim.

10.     John Doe and Richard Roe are those persons who are in any way responsible to

cause damages or the facts that give reason for this claim. Included are the insurance companies

of all the defendants.

III.    **FACTS**:

11.     Defendant Puerto Rico Electric Power Authority (PREPA) is an electric power

company owned by the Commonwealth of Puerto Rico responsible for electricity generation,

power distribution, and power transmission on the island. PREPA is the only entity authorized to

conduct such business in Puerto Rico, making it a government monopoly.

12.     The authority is ruled by a board of directors appointed by the governor with the

advice and consent of the Senate. Since 2014, PREPA is subject to the Puerto Rico Energy

Commission, another government agency whose board of directors is also appointed by the

governor.[1]

13.     All actions against the Government of Puerto Rico, its agencies and corporations

should be allowed due to the recent opinions of the US Supreme Court, clearly establishing that

the Government of the Commonwealth of Puerto Rico was created by federal law, so its actions

in criminal cases (as in civil actions) should be considered as actions by the Federal

Government, *Commonwealth of Puerto Rico v. Sánchez Valle, Et. Al., No. 15-108 (June 9,*

*2016)*, *Commonwealth of Puerto Rico v. Franklin California Tax-Free Trust, Et. Al., No. 15-233*

*(June 13, 2016)*.

---

[1]*Ley de la Autoridad de Energia Electrica de Puerto Rico*, Act No. 83 of 1941.

COMPLAINT
CIVIL NO. 21-1043 (    )
Page 4

14.     Sunnova Energy Corporation advertised in Puerto Rico its products; it is a system for renewable energy (electricity) by solar panels to become completely independent from the defendant PREPA and self sustain.

15.     On or around summer 2014,  Plaintiff, Edgardo Santiago-Colon found a flyer of Sunnova in his house fence (gate). The information provided in the flyer was of a solar panel system that would provided the total power (electricity) to operates his house on a 24/7 basis. It claimed that the system for renewable energy (electricity) by solar panels will allow complete independence from the PREPA and the system was self sustain.

16.      Plaintiff Edgardo Santiago-Colon contacted the Sunnova representative described in the flyer. A meeting was conducted between both. The evaluation and assessment of plaintiff's home was performed by the Sunnova's technicians. Plaintiff bought the recommended solar panel system and the contract was signed.  The contract was signed and approved in the defendant PREPA commercial office at Santa Isabel, PR.

17.     The system was installed on or around November 2014.

18.     Plaintiff Edgardo Santiago-Colon started to pay Sunnova in accordance with the contract and three (3) dollars for the monthly power bill to defendant PREPA.  Several months later he started to receive monthly power bills from PREPA and he noticed that the bills were not significant different form the ones before the solar panel system was installed, there was not a change in monthly power consumption. He claimed Sunnova for it, but Sunova response was that plaintiff's monthly power consumption incremented drastically so it was not completely covered by the system.

19.     Plaintiff Edgardo Santiago-Colon claimed defendant PREPA at the commercial

COMPLAINT
CIVIL NO. 21-1043 (    )
Page 5

office at Santa Isabel, PR. Including a complaint because the director of PREPA's commercial

office was never in the office and never answer the claim.

20.     Plaintiff Edgardo Santiago-Colon sought the assistance of a senator, he wrote to a

state senator, Senator Eduardo Bhatia.   Also he wrote to Sunnova seeking relief. No one

answered but suddenly after several moths, plaintiff started to received three (3) dollars monthly

bills from defendant PREPA.

21.     On September 2017 due to Maria Hurricane a tree felt down destroying the house

power jointure which contains the PREPA's power meter, the Sunnova's inter-phase and the

power  connection of the house, it is commonly called *muñeco* in Spanish jargon.

22.     The power junture was repaired by the Municipality of Santa Isabel's technicians.

Later it was revised and electrified by PREPA's technicians. Finally it was reviewed and tuned

by Sunnova's technicians.

23.     Plaintiff Edgardo Santiago-Colon stop receiving the monthly bills from defendant

PREPA and on June 2019 the power was interrupted in his house.  He contracted an electrician

who after verifying the house informed that the problem was that defendant PREPA shutdown

the power.

24.     Plaintiff Edgardo Santiago-Colon claimed PREPA at the commercial office at

Santa Isabel, PR.  PREPA's official informed that the solar panel system was not operating

operating since Maria Hurricane, since September 2017.  PREPA requested plaintiff to

pay   $977.00   to   reinstall   power,   so   he   paid   the   amount   requested.

25.      Again Plaintiff Edgardo Santiago-Colon claimed PREPA at the commercial

office at Santa Isabel, PR. PREPA response delivered by the director's secretary was "*It is your*

COMPLAINT
CIVIL NO. 21-1043 (   )
Page 6

*problem and we had nothing to do with that issue*."

26.     Plaintiff Edgardo Santiago-Colon complained and sought the assistance of the
Governor of Puerto Rico, he wrote to Honorable Wanda Vazquez. No one answered but
suddenly after several moths, plaintiff started to received four (4) dollars monthly bills from
defendant PREPA.

27.     It is a violation of law, rules and regulations, policy and the principles under the
*National Energy Policy and Programs* and the *Renewable Energy* legislation that any power
company or any state, city, jurisdiction or agency of the United States of America intentionally,
negligent or in any way impedes, blocks or prohibits the use of a renewable power source to any
consumer.

28.     Defendant PREPA did not deduct nor provided any credit/reimbursement for the
energy not consumed or saved by the plaintiff. Energy produced by the system installed by
Sunnova.

29.     Defendant PREPA is acting contrary an in violation of the interstate commerce in
violation of the Commerce Clause[2], in a bold and illegal manner in order to exercise its power to
maintain its monopoly in the production of power in the Commonwealth of Puerto Rico.

30.     Plaintiff Edgardo Santiago-Colon rights to choose, to select a power source and
power saving plan was damaged and it is against the anti-trust laws (the Sherman Act of 1890,
the Clayton Act of 1914 and the Federal Trade Commission Act of 1914).

31.     Plaintiff Edgardo Santiago-Colon  rights under the provisions of the *Article 1802*
and *1803* of *Puerto Rico Civil Code* are invoked under the supplemental jurisdiction principles

---

[2]*Commerce Clause*, Article 1, Section 8, Clause 3 of the US Constitution

COMPLAINT
CIVIL NO. 21-1043 (   )
Page 7

in the interest of judicial efficiency and economy, 28 United States Code § 1367.

32.     Plaintiff Edgardo Santiago-Colon rights under the provisions of the *Puerto Rico Civil Code,* it is a breach in contract between plaintiff and PREPA. The rights under the provisions of the Commonwealth of Puerto Rico Contract Laws under *Puerto Rico Civil Code,* Subtitle 4 *Obligations And Contracts 31 PRLA § 2991,* et al and to the Commonwealth of Puerto Rico Property Laws under *Puerto Rico Civil Code,* Subtitle 2 *Property Ownership And Its Modifications 31 PRLA § 1021,* et al. which are invoked under the supplemental jurisdiction principles in the interest of judicial efficiency and economy.

33.     The wrongful and negligent acts of all defendants, their managers, officials, employees, and representatives, were the direct cause or contributed to the facts alleged in the complaint and all the damages suffers by the plaintiff.

## IV.  DAMAGES:

34.     Plaintiff Edgardo Santiago-Colon suffered defendant PREPA actions and violation of the law, rules and regulations, policy and the principles under the *National Energy Policy and Programs* and the *Renewable Energy* legislation. Damages estimated on $150,000.00.

35.     Plaintiff Edgardo Santiago-Colon suffered defendant PREPA actions and violation of the interstate commerce clause, in a bold and illegal manner in order to exercise its power to maintain its monopoly in the production of power in the Commonwealth of Puerto Rico.  Damages estimated on $150,000.00.

36.     Plaintiff Edgardo Santiago-Colon suffered defendant PREPA actions and violation to the the anti-trust laws (the *Sherman Act of 1890,* the *Clayton Act of 1914* and the

COMPLAINT
CIVIL NO. 21-1043 (   )
Page 8

*Federal Trade Commission Act of 1914*).  Damages estimated on $150,000.00.

37.    Plaintiff Edgardo Santiago-Colon suffered damages for the ineffective acquisition, installation, cost, financing, etc. of a power system over years. Damages estimated on $80,000.00.

38.    Plaintiff Edgardo Santiago-Colon suffered the illegal collection of over $20,000.00 by defendant PREPA.  Damages estimated on $15,000.00.

39.    Plaintiff Edgardo Santiago-Colon suffered defendant PREPA actions and violation rights under the provisions of the *Puerto Rico Civil Code,* it is a breach in contract between plaintiff and PREPA under the Commonwealth of Puerto Rico Contract Laws. Damages estimated on $200,000.00.

40.    Plaintiff Edgardo Santiago-Colon suffered and continues to suffer, severe emotional distress, affliction, anguish, deprivation due to the illegal actions against him by defendant for illegally terminating his power services, excluding him from the alternate power service, etc., damages estimated on $250,000.00.

**IN WITNESS WHEREOF** it is respectfully requested from this Honorable Court that judgment be entered against the defendant awarding damages to plaintiffs for no less than one million dollars (**1,000,000.00**) plus cost, expenses, and a reasonable amount for attorneys fees, grant plaintiffs such other relief as it may deem proper under the circumstances and pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs also hereby request a trial.

**JURY TRAIL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico this 26th day of January of 2021.

**COMPLAINT**
**CIVIL NO. 21-1043 (   )**
**Page 9**

**RODRIGUEZ LOPEZ LAW OFFICE**, P. S. C.
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel:  (787) 843-2828 / 843-2900 Fax: 284-1267
Email: **juan_r_rodriguez00732@hotmail.com**
           **juan.r.rodriguez00732@gmail.com**

By:     *S\Juan R. Rodriguez*
          **JUAN R. RODRIGUEZ**
          USDC-PR 214410